## Parker, Appellant, *v.* Rawle.

## Devine, Appellant, *v.* Rawle.

*Mortgages—Satisfaction—Payment into court—Act of April* 3, 1851, *section* 14.

The act of April 3, 1851, section 14, P. L. 871, contemplates the payment into court by the mortgagor of the full amount claimed by the mortgagee, with interest and all costs to the date of payment. and nothing less will satisfy the requirements of the act.

*Costs—Prothonotary's fees and percentage.*

Costs incurred in determining the question at issue between the parties, for example, the expenses of an audit, should be imposed upon the unsuccessful party; but for payment of the costs which the law required the plaintiff to pay in order to entitle himself to the benefits of the act of assembly, the act nowhere makes the mortgagee liable.

Where a mortgagor paid into court the amount claimed by the mortgagee, with interest and costs, the question in dispute being the liability for a paving claim filed against the property, and this question was referred to an auditor and decided in favor of petitioner, while the expenses of the audit were imposed upon the mortgagee, it was held that the prothonotary's fees and percentage must be paid by the mortgagor.

Argued Feb. 24, 1892. Appeals, Nos. 129, 130, July T., 1891, by C. M. Parker and Thomas H. Devine, petitioners, from decrees of C. P. Lackawanna Co., Jan. T., 1890, Nos. 498, 499, against William Brooke Rawle, et al., trustees. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Distribution of funds paid into court by mortgagors under act of April 3, 1851.

The facts, as they appeared in the court below, were as follows: Appellants in these two cases paid into court, under the provisions of the act of April 3, 1851, section 14, P. L. 871, an amount equal to the mortgage debt, with interest and costs in each case. There was a question as to liability for paving claims against the properties, which was referred to J. Alton Davis, Esq., as auditor, and by him determined in favor of the mortgagors. He imposed all the costs incurred in the proceeding upon the mortgagees. The court below modified this finding by holding that the mortgagors, the petitioners under the act of 1851, were liable for the prothonotary's fees and percentage, the opinion of the court, GUNSTER, J., being in part as follows:

" The sole question in dispute between these parties is who should pay the paving assessment. The learned auditor has found that it was the duty of the defendants under their covenant to have done so, and we approve of that finding. The question having been determined against the defendants, it is just that they should pay the costs of the proceedings in which it is determined, viz., the audit, but it does not follow that they should also pay costs which the law required the plaintiff to pay in order to entitle himself to the benefits of the act of assembly (1851) under which he paid the money into court. It has been expressly decided that the act contemplates the payment into court of the full amount claimed by the mortgagee, with interest and all costs to the date of payment, and that nothing less will satisfy the requirements of the act: Pennock v. Stewart, 104 Pa. 184. At common law neither the plaintiff nor the defendant could recover costs, eo nomine: 72 Pa. 239. There is nothing in the act of 1851 which makes the mortgagee liable for them, and we know of no law which enables the mortgagor to recover what he is required under said act to pay as the price of the remedy. The distribution of the fund in court may be an equitable proceeding, but Pennock v. Stewart is binding upon us, and we do not see how we can relieve the plaintiff from the payment of the costs which are fixed upon him by the law."

Decrees accordingly, and the petitioners appealed.

*Errors assigned* were (1–4) sustaining in part defendant's

exceptions to auditor's report, holding petitioners liable for pro-thonotary's fees and percentage and deducting these amounts from the sums due the petitioners in the distribution.

*James W. Oakford,* for appellants.

*Angelo T. Freedley, W. W. Lathrope* with him, for appellees.

PARKER, APPELLANT, v. RAWLE.

PER CURIAM, March 28, 1892:

The decree is affirmed and the appeal dismissed at the costs of the appellant.

DEVINE, APPELLANT, v. RAWLE.

PER CURIAM, March 28, 1892:

The decree is affirmed and the appeal dismissed at the costs of the appellant.