## Gibson's Petition

*Daniel B. Strickler*, for petitioners; *Edwin M. Gilbert*, contra.

SCHAEFFER, J., November 17, 1933.—On July 21, 1933, an opinion was filed by the court and an order entered pursuant thereto distributing the money paid into court to satisfy a mortgage under the Act of April 3, 1851, P. L. 868, sec. 14. The court in its order also divided the costs between the petitioners and the respondents. Exceptions to the opinion and order of the court were filed by petitioners on July 28, 1933, and a rule granted thereon. The Act of 1851 above referred to provides: "The court shall proceed to hear and determine the objections to the payment of any part of the money in court as right and justice shall belong, and shall decree accordingly." The purpose of this act is to permit the mortgagor, in case of a dispute between mortgagor and mortgagee, to bring the money, including debt, interest, and costs, into court and thus substitute the money in court for the mortgage which the mortgagor desires to have satisfied. It is apparent from the language of the Act of 1851, and also the decision of the Supreme Court in Parker v. Rawle, 148 Pa. 208, that the distribution of such a fund in court may be considered an equitable proceeding.

The respondents argue that the order of court is a final judgment, to which no exceptions can be filed, and that the remedy, if error has been committed, is by appeal. It is from the final or definitive decree of the court in proceedings in equity that an appeal may be taken. Inasmuch as the instant proceeding is

of an equitable nature, the order of the court can be considered a decree nisi and, under Rule 69 of the Rules of Equity Practice, exceptions may be filed by either party within 10 days after notice. The court will therefore consider the two exceptions filed to the original opinion in the above cause.

First: Exception is taken to the effect of the release given March 30, 1929 (erroneously referred to in the proceedings as March 30, 1928), by the mortgagees on the land of one of two mortgagors severally seized of land, who gave a joint mortgage. As stated in detail in the original opinion H. C. Gibson and C. A. Cowden owned jointly, in fee simple, a farm in Little Britain Township. They gave a joint mortgage for $2,925 to John Jackson and A. G. Fritz. Subsequently the farm was divided into two parts, and C. A. Cowden became the sole owner of one half the acreage thereof and H. C. Gibson the owner of the remaining half. The principal of the mortgage was paid in full on behalf of both C. A. Cowden and H. C. Gibson, but the mortgage was not satisfied because there was a dispute between the mortgagors and mortgagees with reference to unpaid interest on the mortgage. The court in its original opinion found that the amount of unpaid interest was $109. A release from the lien of said mortgage for one half of the premises, owned by C. A. Cowden as aforesaid, was given to C. A. Cowden alone by the mortgagees and duly recorded in the recorder's office. H. C. Gibson now claims that this likewise released him as to his land covered by the original joint mortgage, or at the most, that H. C. Gibson should not be responsible for more than one half of said interest totaling $109. The petitioners cite Goldbeck v. Kensington National Bank, 147 Pa. 267, which decided that a payment by one of several joint debtors inures to the benefit of all the debtors as a credit upon the debt. In Schrack v. Shriner et al., 100 Pa. 451, 457, it was said: "If two or more severally seised of land join in a mortgage, they are all in æquali jure entitled to contribution amongst themselves; and if the mortgagee should release the land of one from the mortgage, leaving the whole sum to be levied of the remaining lands, he would be doing an act of injustice of which he was fully cognizant." However, in the last cited case it is said: "the effect of a release by the mortgagee must depend on the circumstances of the case".

In the case at bar, the question of the principal of the mortgage does not arise because it is not in dispute, having been paid in full. What is at issue is only interest on the mortgage amounting to $109. The mortgage has been satisfied on the records by order of court pursuant to the petition presented in this proceeding. The land covered by the mortgage is no longer subject to any lien or claim for said interest. H. C. Gibson paid the full amount in controversy into court. C. A. Cowden is not a party to this proceeding. It appears, therefore, that injustice would be done to the mortgagees, after taking away from them by order of court at the instance of petitioners their mortgage security on the land in question, if it were held that they must collect the one half share of the interest on the mortgage from C. A. Cowden. H. C. Gibson elected to pay the whole fund into court, not only for himself, but apparently for himself and on behalf of C. A. Cowden and, as stated by his former attorney: "He (Gibson) agreed on—I don't know the exact figures—it was about $109, with the understanding he would proceed against the owner of the other half of the premises which the mortgage covered for contribution".

Accordingly, the court feels under the circumstances of the case that H. C. Gibson must look to C. A. Cowden for contribution, if entitled thereto.

Second: It is alleged that the court erred in failing to pass upon the significance of a written receipt offered in evidence as payment of the interest in dispute. The court in its original opinion found that the receipt for $150 given to

346

C. A. Cowden alone covered personal property. A. G. Fritz, one of the respondents, or mortgagees, testified repeatedly to that effect. - The receipt is ambiguous and does not state that it was in payment of interest or principal of the mortgage. The court sees no just reason for changing its former conclusion or decision in this respect.

Accordingly, the court enters this final order or decree in accordance with the original and supplemental opinions:

And now, November 17, 1933, upon consideration of the foregoing case or proceeding, it is ordered, adjudged and decreed as follows: That of the amount of $175.50 paid into court as aforesaid, $109 be paid to John Jackson and A. G. Fritz, less their share of costs as set forth in the original opinion, and the balance thereof, less share of costs as set forth in the original opinion, be refunded to the petitioners, H. C. Gibson and Mabel A. Gibson, his wife.

From George Ross Eshleman, Lancaster, Pa.